**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HAROLD D. JORDAN,**
**Claimant Below, Petitioner**

**vs.)   No. 16-1198**  (BOR Appeal No. 2051421)
                         (Claim No. 2014001955)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Harold D. Jordan, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Timothy Huffman, its attorney, filed a timely response.

The issue presented in the instant appeal is Mr. Jordan's request for a permanent partial disability award. On January 20, 2015, the claims administrator granted Mr. Jordan a 0% permanent partial disability award. The Office of Judges affirmed the claims administrator's decision on July 8, 2016. This appeal arises from the Board of Review's Final Order dated November 21, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jordan injured his lower back while maneuvering a cable on July 1, 2013, during the course of his employment with Spartan Mining Company. He initially sought treatment in Welch Community Hospital's emergency department for ongoing lower back pain on July 15, 2013. X-rays were performed and revealed degenerative disc disease and facet disease, and Mr. Jordan was diagnosed with an acute myofascial strain and lower back pain. A subsequent lumbar spine

1

MRI revealed degenerative disc disease and facet arthropathy. On July 30, 2013, the claim was held compensable for a lumbosacral joint ligament sprain.[1]

Mr. Jordan underwent three independent medical evaluations for the purpose of determining the amount of whole person impairment arising from the compensable injury. Joseph Grady, M.D., performed an independent medical evaluation on January 13, 2015, and authored a report memorializing his findings on the same date. Dr. Grady noted that Mr. Jordan's lumbar flexion and extension measurements did not satisfy the validity criteria. Additionally, he found no objective evidence of radiculopathy. Dr. Grady determined that Mr. Jordan did not exhibit any abnormalities in range of motion and opined that Mr. Jordan sustained 0% whole person impairment as a result of the July 1, 2013, injury. The claims administrator granted Mr. Jordan a 0% permanent partial disability award on January 20, 2015.

Robert Walker, M.D., performed an independent medical evaluation on July 31, 2015, and authored a report memorializing his findings on the same date. Dr. Walker noted that he obtained valid range of motion measurements and, after applying West Virginia Code of State Rules § 85-20-Table C (2006), opined that Mr. Jordan sustained 8% whole person impairment as a result of range of motion abnormalities in the lumbar spine. He did not apportion any percentage of the whole person impairment rating to the well-documented pre-existing condition affecting the lumbar spine.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on February 3, 2016, and authored a report memorializing his findings on February 8, 2016. Dr. Mukkamala opined that Mr. Jordan's ongoing symptoms are attributable to non-compensable degenerative spondyloarthropathy. He also noted that he obtained valid range of motion measurements and, after applying the West Virginia Code of State Rules § 85-20-Table C, opined that Mr. Jordan has 13% whole person impairment attributable to range of motion deficits in the lumbar spine and an L5-S1 microdiscectomy performed in 1997. Dr. Mukkamala then opined that the entirety of the 13% whole person impairment is attributable to the significant pre-existing lumbar spine condition which required surgery in 1997. Therefore, he concluded that Mr. Jordan sustained 0% whole person impairment as a result of the July 1, 2013, injury.

In its Order affirming the January 20, 2015, claims administrator's decision, the Office of Judges held that Mr. Jordan failed to establish that he is entitled to a permanent partial disability award for the July 1, 2013, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 21, 2016. On appeal, Mr. Jordan asserts, per the opinion of Dr. Walker, that he is entitled to an 8% permanent partial disability award for the July 1, 2013, injury.

The Office of Judges found that the conclusions expressed in Dr. Mukkamala's report represent the most accurate calculation of the amount of Mr. Jordan's whole person impairment

---

[1] In *Harold D. Jordan v. Spartan Mining Company,* No. 16-1019 (W.Va. Supreme Court, August 2, 2017)(memorandum decision), we affirmed the denial of a request to add an annular tear and radiculopathy as compensable diagnoses.

arising from the July 1, 2013, injury.[2] The Office of Judges then found that Dr. Grady's calculations are unreliable because he failed to produce valid range of motion measurements. Finally, the Office of Judges found that Dr. Walker failed to acknowledge the occurrence of the 1997 discectomy and, likewise, failed to apportion for pre-existing impairment attributable to the procedure. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[2] In the Discussion portion of its July 8, 2016, decision, the Office of Judges mistakenly stated that Dr. Mukkamala attributed 13% whole person impairment to the July 1, 2013, injury. The Findings of Fact and the resulting decision correctly reflect Dr. Mukkamala's opinion that Mr. Jordan has 0% whole person impairment attributable to the July 1, 2013, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker